UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEATHER JEANNE LINDSAY,<br><br>                    Appellant,<br><br>-against-<br><br>THOMAS C. FROST, as Chapter 13 Trustee.,<br><br>                    Appellee. | Case No. 1:24-cv-08064 (JLR)<br><br>**<u>ORDER</u>** |

JENNIFER L. ROCHON, United States District Judge:

Appellant Heather Jeanne Lindsay ("Appellant," or the "Debtor"), proceeding *pro se*, brings this appeal from an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"), dismissing Appellant's Chapter 13 case with prejudice. Dkt. 1; *see* Order Dismissing Chapter 13 Case with Prejudice, *In re Lindsay*, No. 24-10362 (Bankr. S.D.N.Y. Sept. 20, 2024), ECF No. 74.

Before the Court is Appellant's Motion for a Stay Pending Appeal. Dkt. 3; *see also* Dkt. 6. For the reasons stated below, the motion is DENIED.

## BACKGROUND

On September 20, 2024, the Bankruptcy Court dismissed Appellant's Chapter 13 case with prejudice pursuant to 11 U.S.C. §§ 349 and 1307(c). Dkt. 9-4. The Bankruptcy Court held that there was "no jurisdictional basis for th[e] case to have been filed in the Southern District of New York pursuant to 11 U.S.C. § 1408 and Federal Rule[] of Bankruptcy Procedure 1014(a)(2), based upon the record of th[e] case and for the reasons as stated at the Hearings." *Id*. The Bankruptcy Court further held that, based "upon the record of th[e] case and for the reasons as stated at the Hearings, cause exist[ed] to dismiss the Debtor's case with prejudice." *Id*. The Bankruptcy Court further barred Appellant from "filing for relief under

any chapter of the Bankruptcy Code in any bankruptcy court for a period of at least two (2) years from the entry of th[e] order." *Id.*

On October 23, 2024, Appellant filed this appeal from the Bankruptcy Court's Order. Dkt. 1. On October 28, 2024, Appellant filed a motion for a stay pending appeal, fashioned as a "Motion to Stay Injunction Pending Appeal." Dkt. 3; *see also* Dkt. 6. Appellant asks that the Court "stay all matters pending the appeal in this matter." Dkt. 3 at 1. On November 4, 2024, Appellee Thomas C. Frost, Chapter 13 Standing Trustee, filed an affirmation in opposition to the motion for a stay. *See* Dkt. 9. Appellant did not file a timely reply, and the Court *sua sponte* granted Appellant an extension until December 4, 2024, to file her reply. Dkt. 15. Appellant never filed a reply with the Court.

For the reasons set forth below, Appellant's motion for a stay is denied.

## DISCUSSION

As an initial matter, this Court finds that Appellant's motion for a stay should be dismissed as procedurally improper. Appellant failed to seek a stay from the Bankruptcy Court in the first instance. Pursuant to Federal Rule of Bankruptcy Procedure 8007, a "party must move first in the bankruptcy court" for "a stay of the bankruptcy court's judgment, order, or decree pending appeal," or "an order suspending, modifying, restoring, or granting an injunction while an appeal is pending." Fed. R. Bankr. P. 8007(a)(1)(A), (C). "District courts and bankruptcy appellate panels have regularly dismissed appeals for unexplained failure to apply first to the bankruptcy court." *In re Alexander*, 248 B.R. 478, 484 (S.D.N.Y. 2000) (collecting cases). Alternatively, in order to make her motion for a stay in this Court, Appellant needed to show that "moving first in the bankruptcy court would be impracticable." Fed. R Bankr. P. 8007(b)(2). Appellant has made no such showing here.

2

Appellant's motion also fails on the merits. In the Second Circuit, four factors are considered before granting a stay pending an appeal: "(1) whether the movant will suffer irreparable injury absent a stay, (2) whether a party will suffer substantial injury if a stay is issued, (3) whether the movant has demonstrated a substantial possibility, although less than a likelihood of success, on appeal, and (4) the public interests that may be affected." *Hirschfeld v. Board of Elections*, 984 F.2d 35, 39 (2d Cir. 1993) (citations omitted). "The movant's burden is a 'heavy' one." *In re 473 W. End Realty Corp.*, 507 B.R. 496, 501 (Bankr. S.D.N.Y. 2014) (quoting *In re Adelphia Commc'ns Corp.*, 333 B.R. 649, 659 (S.D.N.Y. 2005)). A movant's "failure to satisfy one prong of the standard for granting a stay pending appeal dooms [the] motion." *Green Point Bank v. Treston*, 188 B.R. 9, 12 (S.D.N.Y. 1995). Mindful of the fact that Appellant is proceeding *pro se*, the Court construes Appellant's motion "liberally 'to raise the strongest arguments they suggest.'" *Jules v. Andre Balazs Props.*, No. 20-cv-10500 (LGS), 2023 WL 5935626, at *2 (S.D.N.Y. Sept. 12, 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)). *Pro se* status does not, however, "exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* at *2 (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)).

The Appellant does not meaningfully engage with the requisite legal standard and resorts largely to conclusory assertions insufficient to establish either that she would suffer irreparable injury absent a stay or that there is a "substantial probability" that she will succeed on the merits. The dismissal in the underlying bankruptcy case turned, among other things, upon jurisdictional issues, including questions as to Appellant's residency. Dkt. 9 ¶ 6; *see* Dkt. 9-4. Appellant does not address either the Order of Dismissal, Dkt. 9-3, or the underlying Dismissal Motion in this action setting forth the bases for dismissal, *see* Dkt. 9-2,

and therefore has failed to demonstrate by a substantial possibility that she will be able to show that the Bankruptcy Court committed error when applying the law.

Instead, Appellant appears to contend that she was denied procedural due process during the bankruptcy proceedings. She asserts, for instance, that she was "completely ignored" and prevented from adjudicating matters before the Bankruptcy Court, Dkt. 3 at 2; that the Trustee and Trustee's counsel made fraudulent representations to the Court, *id.* at 2-3; that she never corresponded with the Trustee in the matter, *id.* at 2; and that there was a stay violation during the pendency of her proceedings before the Bankruptcy Court, *id.* at 4. However, these unsubstantiated assertions are not sufficient to demonstrate procedural error below such that there is a "substantial possibility" that Appellant will prevail on appeal. Likewise, while Appellant asserts that she would be "irreparably harmed if a stay isn't permitted," *id.* at 2, she offers no facts in support of that claim.

Under these circumstances, and even on a generous reading of Appellant's motion, the Court does not find that Appellant has shown that a stay pending appeal is warranted.

## CONCLUSION

Appellant's motion for a stay pending appeal is DENIED. The Clerk of Court is respectfully directed to terminate the pending motions at Dkts. 3, 6, and 16.

Dated: December 26, 2024
       New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

4