UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HEATHER JEANNE LINDSAY,<br><br>         Appellant,<br><br> -against-<br><br>NEWREZ LLC, d/b/a Shellpoint Mortgage Servicing, and U.S. BANK, NATIONAL ASSOCIATION,<br><br>         Appellees. | Case No. 1:24-cv-08072 (JLR),<br>24-cv-08064 (JLR)<br><br>**MEMORANDUM OPINION<br>AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

  Appellant Heather Jeanne Lindsay ("Appellant") timely moves for reconsideration of the Court's February 18, 2025 Order of Dismissal dismissing *In re Lindsay v. NewRez LLC et al.*, No. 24-cv-08072 (JLR) (S.D.N.Y. filed Oct. 24, 2024), under Federal Rule ("Rule") of Civil Procedure 41(b).  Dkt. 12 ("Mot.").[1]  For the reasons set forth below, the Court GRANTS Appellant's motion for reconsideration.

## BACKGROUND

  On October 24, 2024, Appellant filed this appeal from an order of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court.").  Dkt. 1.

  Appellant's opening brief in this matter was due December 16, 2024.  Dkt. 6.  Despite hearing nothing from Appellant, on December 19, 2024, the Court granted Appellant a

---

[1] Appellant also filed a related matter before this court.  *See In re Lindsay v. Frost*, No. 24-cv-08064 (JLR) (S.D.N.Y. filed Oct. 23, 2024).  Appellant's motion for reconsideration was filed only in *In re Lindsay v. NewRez LLC et al*.  However, because Appellant is proceeding *pro se*, and because her motion for reconsideration appears to reference the related docket in *In re Lindsay v. Frost*, the Court shall construe Appellant's motion for reconsideration as pertaining to the orders of dismissal entered in both *In re Lindsay v. NewRez LLC et al.*, *see Order of Dismissal*, *In re Lindsay v. NewRez LLC et al.*, No. 1:24-cv-08072 (Feb. 18, 2025), Dkt. 11, and the related docket, *see Order of Dismissal*, *In re Lindsay v. Frost*, No. 24-cv-08064 (Feb. 18, 2025), ECF No. 22.

1

courtesy extension until December 27, 2024, to file her opening brief in this matter. Dkt. 7. Appellant did not file her brief and did not contact the Court. Notwithstanding this, on January 2, 2025, the Court granted a further extension until January 9, 2025. Dkt. 8. Again, Appellant did not file her brief and did not contact the Court. On January 17, 2025, the Court extended the deadline again on its own accord and advised Appellant that if she did not file her opening brief by January 24, 2025, her case may be dismissed for a failure to prosecute. Dkt. 9. Appellant did not file any brief or contact the Court. On January 31, 2025, the Court granted what it deemed to be a "final" extension until February 7, 2025, and advised Appellant that if she did not file her opening brief by then, the Court would enter an order for failure to prosecute under Rule 41(b). Dkt. 10. Appellant did not file her opening brief by the February 7, 2025 deadline, or otherwise respond to the Court's orders. All Orders were mailed to Appellant's address of record. The same is true in *In re Lindsay v. Frost*. *See In re Lindsay v. Frost*, No. 1:24-cv-08064, ECF Nos. 17, 19, 20, 21.

On February 18, 2025, the Court entered an order dismissing this case without prejudice pursuant to Rule 41(b). Dkt. 11. The Court likewise entered an order of dismissal in *In re Lindsay v. Frost*. *See Order of Dismissal, In re Lindsay v. Frost*, No. 1:24-cv-08064 (Feb. 18, 2025), ECF No. 22. On March 4, 2025, Appellant filed a timely motion for reconsideration of the Court's February 18, 2025 order of dismissal. Dkt. 12. Appellees did not file any opposition to the motion.

## DISCUSSION

"A motion for reconsideration is an extraordinary request that is granted only in rare circumstances . . . ." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 54 (2d Cir. 2019). "[R]econsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked — matters, in other words, that might reasonably

be expected to alter the conclusion reached by the court." *Van Buskirk*, 935 F.3d at 54 (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Rule 41(b) provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b). Rule 41(b) "gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). The Court provided Appellant with several opportunities to file her opening appellate briefs and when she did not do so, the Court dismissed the cases for failure to prosecute.

In her motion for reconsideration, Appellant states that she filed "timely" "notice and extension requests" with the Court. Mot. at 2. Appellant filed no such requests in this matter. The Court assumes that Appellant is referencing the related case, *In re Lindsay v. Frost*, No. 24-cv-08064 (JLR). In that matter, Appellant filed requests for an extension of time to file her reply in further support of her motion to stay the proceedings pending the appeal. *See* Dkts. 13, 16. Those requests were granted but they did not pertain to the deadline for filing her appellate brief. *See* Dkt. 16. Appellant did not file any requests for an extension of time to file her opening brief in the present case or in the related case, and the Court's multiple orders *sua sponte* granting extensions went unanswered. *See* Dkts. 17, 19, 20, 21. Appellant does not point to any controlling court decisions or data that this Court overlooked in issuing its February 18, 2025 order of dismissal in these matters. Moreover, Appellant does not provide an explanation for why she did not file her opening briefs nor even suggest that her opening briefs are ready to be filed.

Nevertheless, given the Appellant's *pro se* status and that the pending motion for reconsideration is unopposed, the Court shall, at this juncture, reconsider its order dismissing this action to provide a last opportunity for Appellant to file her opening briefs and prosecute

her appeals. Reconsideration here is consistent with the leniency that is to be afforded plaintiffs proceeding *pro se*. But the Court notes that "while pro se litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including pro ses, have an obligation to comply with court orders." *McDonald v. Head Crim. Ct. Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988).

The Court will therefore grant Appellant's motion for reconsideration of the Court's February 18, 2025 order of dismissal in *In re Lindsay v. NewRez LLC et al.* No. 24-cv-08072, and will construe Appellant's motion liberally to likewise grant a motion for reconsideration in *In re Lindsay v. Frost*, No. 24-cv-08064. The Clerk of Court is respectfully directed to reopen these matters. Appellant shall file her opening briefs in both matters no later than **May 1, 2025**. Appellant, even if *pro se*, is expected to follow Court orders and deadlines and failure to do so will have adverse consequences, such as dismissal for failure to prosecute if no brief is filed given the numerous extensions afforded to Appellant.

The Clerk of Court is respectfully requested to file this Order in both of the above-captioned cases.

Dated: April 16, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge