UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HEATHER JEANNE LINDSAY,

                              Appellant,

            -against-

NEWREZ LLC, d/b/a Shellpoint Mortgage
Servicing, and U.S. BANK, NATIONAL
ASSOCIATION,

                              Defendants.

Case No. 1:24-cv-08072 (JLR),
24-cv-08064 (JLR)

**MEMORANDUM OPINION
AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

        For the reasons set forth below, the Court dismisses the above-captioned actions

without prejudice under Federal Rule of Civil Procedure ("Rule") 41(b) for failure to

prosecute.[1]

## BACKGROUND

        On October 24, 2024, Appellant filed this appeal from an order of the United States

Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). Dkt. 1.

Appellant's opening brief in this matter was due December 16, 2024. Dkt. 6. Despite hearing

nothing from Appellant, on December 19, 2024, the Court granted Appellant a courtesy

extension until December 27, 2024, to file her opening brief in this matter. Dkt. 7. Appellant

did not file her brief and did not contact the Court. Notwithstanding this, on January 2, 2025,

the Court granted a further extension until January 9, 2025. Dkt. 8. Again, Appellant did not

file her brief and did not contact the Court. On January 17, 2025, the Court extended the

deadline again on its own accord and advised Appellant that if she did not file her opening

---

[1] Appellant filed a related matter before this court on the same day as she filed this action.
*See In re Lindsay v. Frost*, No. 24-cv-08064 (JLR) (S.D.N.Y. filed Oct. 23, 2024). Because
the procedural history of these cases is related, the Court addresses both actions in this
opinion.

brief by January 24, 2025, her case may be dismissed for a failure to prosecute. Dkt. 9.
Appellant did not file any brief or contact the Court. On January 31, 2025, the Court granted
what it deemed to be a "final" extension until February 7, 2025, and advised Appellant that if
she did not file her opening brief by then, the Court would enter an order for failure to
prosecute under Rule 41(b). Dkt. 10. Appellant did not file her opening brief by the February
7, 2025 deadline, or otherwise respond to the Court's orders. All orders were mailed to
Appellant's address of record. The same is true in *Lindsay v. Frost*. See *In re Lindsay v.
Frost*, No. 1:24-cv-08064, ECF Nos. 17, 19, 20, 21.

On February 18, 2025, the Court entered an order dismissing this case without
prejudice pursuant to Rule 41(b). Dkt. 11. The Court likewise entered an order of dismissal
in *Lindsay v. Frost*. *See* Order of Dismissal, *In re Lindsay v. Frost*, No. 1:24-cv-08064 (Feb.
18, 2025), ECF No. 22. On March 4, 2025, Appellant filed a timely motion for
reconsideration of the Court's February 18, 2025 order of dismissal. Dkt. 12. Appellees did
not file any opposition to the motion. Although Appellant did not provide an explanation for
why she did not file her opening briefs or even suggest that her opening briefs were ready to
be filed, the Court — given Appellant's *pro se* status and that the reconsideration motion was
unopposed — granted Appellant's motion for reconsideration of the Court's February 18,
2025 order of dismissal under Federal Rule of Civil Procedure 41(b). *See generally* Dkt. 13.
The Court construed Appellant's motion liberally to likewise grant a motion for
reconsideration in *Lindsay v. Frost*. Dkt. 13 at 4. The Court ordered Appellant to file her
opening briefs in both matters no later than May 1, 2025. Dkt. 13 at 4. The Court advised
Appellant that failure to do so would have adverse consequences, "such as dismissal for
failure to prosecute if no brief is filed given the numerous extensions afforded to Appellant."
Dkt. 13 at 4.

To date, Appellant has not filed her opening brief in either action or otherwise corresponded with the Court.

## DISCUSSION

A district court may dismiss an action if, among other reasons, "the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). "Although the text of [Rule] 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "A district court considering a Rule 41(b) dismissal must weigh five factors: (1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam) (quotation marks and citation omitted). "No single factor is generally dispositive." *Id.* Considered holistically, the five factors justify dismissal here.

First, Appellant has failed to file her opening brief in either case for nearly five months, therefore delaying progress of both her appeals. This inaction, under the circumstances, is sufficiently lengthy to support dismissal. *See, e.g.*, *Ampudia v. Lloyd*, 531 F. App'x 32, 34 (2d Cir. 2013) (summary order) (affirming dismissal for failure to prosecute after delay of almost five months); *Rahim v. N.Y.C. Transit Auth.*, 159 F.3d 1347, 1998 WL 537534, at *2 (2d Cir. 1998) (unpublished table decision) (same for delay of six months); *see also Brown v. Gen. Nutrition Cos.*, 356 F. App'x 482, 486 (2d Cir. 2009) (summary order)

3

("[P]laintiffs' four-month delay cannot be said to be of insignificant duration for this analysis."); *cf. Jefferson v. Webber*, 777 F. App'x 11, 14 (2d Cir. 2019) (summary order) ("[T]he delay in proceedings attributable solely to [the plaintiff] was 42 days, from April 22 to June 3. In *pro se* cases, this Court has found that similar delays of 39 days and one month were insufficient to justify dismissal for failure to prosecute." (citations omitted)). Thus, this factor favors dismissal.

Second, Appellant has been sufficiently notified on multiple occasions that failure to comply with the Court's orders and prosecute her appeals would result in dismissal. *See* Dkts. 9, 10, 13; *see also In re Lindsay v. Frost*, No. 1:24-cv-08064, ECF Nos. 20, 21, 23. In fact, in granting Appellant's motion for reconsideration, the Court underscored that it was providing a "last opportunity" for Appellant to file her opening briefs and prosecute her appeals in both matters, and that failure to do so would have adverse consequences, "such as dismissal for failure to prosecute if no brief is filed given the numerous extensions afforded to Appellant." Dkt. 13 at 3-4. These plainly worded warnings adequately put Plaintiff on notice. *See Ampudia*, 531 F. App'x at 34 ("[D]ismissals following unheeded warnings generally do not constitute an abuse of discretion."); *see, e.g.*, *Ruzsa v. Rubenstein & Sendy Attys at L.*, 520 F.3d 176, 177 (2d Cir. 2008) (per curiam) (*pro se* plaintiff was warned that "further delay will result in dismissal"); *Rahim*, 1998 WL 537534, at *1 (similar). Therefore, this factor favors dismissal.

Third, the record is silent as to whether further delay would prejudice Appellees, but "[p]rejudice to defendants resulting from unreasonable delay may be presumed." *Lyell Theatre Corp. v. Loews Corp.*, 682 F.2d 37, 43 (2d Cir. 1982). "Generally, the degree of prejudice caused begins to weigh in favor of granting a defendant's motion to dismiss with a delay of six months." *Rudder v. Jimenez*, No. 11-cv-03453 (VSB) (JLC), 2014 WL 1349047,

at *5 (S.D.N.Y. Apr. 7, 2014).  Although the delay in this case is approaching six months, the Court will nevertheless find that this factor is neutral.

Fourth, the Court's interest in managing its docket outweighs Appellant's interest in receiving a fair chance to be heard.  Of course, "a trial court's desire to move its calendar should not overcome its duty to do justice."  *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995).  But under the circumstances (including, as described above, the multiple extensions already granted and Appellant's continued failure to heed Court orders), the Court's interest in managing its docket prevails.  *See Lyell*, 682 F.2d at 42 (dismissal for failure to prosecute, when properly utilized, is "vital to the efficient administration of judicial affairs and provides meaningful access for other prospective litigants to overcrowded courts").

Fifth, the Court has no reason to believe that a sanction less severe than dismissal is warranted.  To be sure, "*pro se* plaintiffs should be granted special leniency regarding procedural matters."  *LeSane*, 239 F.3d at 209.  But "*pro se* litigants generally are required to inform themselves regarding procedural rules and to comply with them," *Caidor v. Onondaga County*, 517 F.3d 601, 605 (2d Cir. 2008) (citation omitted), and "solicitude for *pro se* litigants does not require [courts] to excuse failure to comply with understandable procedural rules and mandatory deadlines," *Kotler v. Jubert*, 986 F.3d 147, 156 (2d Cir. 2021).  *Pro se* plaintiffs must prosecute their cases, especially where, as here, courts clearly and repeatedly order them to do so.  *See, e.g.*, *Ruzsa*, 520 F.3d at 177 (affirming dismissal of *pro se* plaintiff's action for failure to prosecute); *Pierno v. Fidelity Brokerage Servs., LLC*, No. 20-3711, 2021 WL 5986763, at *2-3 (2d Cir. Dec. 16, 2021) (summary order) (same); *Wik v. City of Rochester*, 632 F. App'x 661, 663 (2d Cir. 2015) (summary order) (same).  Given that the Court's prior orders have continued to go unheeded, "dismissal [i]s the only sanction that w[ill] address [Plaintiff's] pattern of dilatory behavior."  *Heendeniya v. St. Joseph's Hosp.*

*Health Ctr.*, 830 F. App'x 354, 358 (2d Cir. 2020) (summary order); *see also S. New Eng. Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 148 (2d Cir. 2010) ("[D]istrict courts are not required to exhaust possible lesser sanctions before imposing dismissal . . . if such a sanction is appropriate on the overall record.").  Moreover, the Court is dismissing this action without prejudice, which is a "less severe sanction[] than a pure with-prejudice dismissal." *Peters v. CBS Viacom*, No. 23-463, 2023 WL 8270781, at *3 (2d Cir. Nov. 30, 2023) (summary order).

After weighing all of the factors, the Court finds that dismissal for failure to prosecute is appropriate in this action and the related action, *Lindsay v. Frost*, No. 1:24-cv-08064.

## CONCLUSION

For the reasons set forth above, the above-captioned cases are DISMISSED WITHOUT PREJUDICE.  The Clerk of Court is respectfully directed to terminate all pending motions and CLOSE the cases.  The Clerk is also respectfully directed to mail a copy of this Order to Appellant.  Appellees are directed to mail this Order to Appellant immediately. Appellees shall promptly file proof of service of this Order.

The Clerk of Court is respectfully requested to file this Order in both of the above-captioned cases.

Dated:  May 9, 2025
        New York, New York

SO ORDERED.

JENNIFER L. ROCHON
United States District Judge